141 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
KASPER FARMS, INC., Plaintiff-Appellant,
v.
WESTERN FARMS SERVICES, INC.; Don Slack; Norman Klampe,
Defendants-Appellees.
 No. 96-36274
D.C. No. CV-95-06381-TMC
 United States Court of Appeals, Ninth Circuit.
 Submitted March 5, 1998.**
Decided March 16, 1998.
 
 Appeal from the United States District Court for the District of Oregon, Thomas M. Coffin, Magistrate Judge, Presiding.
 Before FERNANDEZ, RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kasper Farms, Inc. brought this action for the negligent application of pesticides to Kasper's property against Western Farm Services, Inc. The district court granted summary judgment to Western, and Kasper appealed. We affirm.
 
 
 3
 The district court's grant of summary judgment was based upon Kasper's failure to give a 60 day notice prescribed by Oregon Revised Statutes section 634.172, which required Kasper to file a report of alleged loss due to improper pesticide application with the State Department of Agriculture and to mail a copy to the "pesticide operator who is allegedly responsible for the loss." Or .Rev.Stat.S 634.172(1)(a)-(b). Kasper did not send the report to Western. If Western was a pesticide operator, the omission was fatal to Kasper's claim. See Or.Rev.Stat. § 634.172(1); see also Or.Rev.Stat. § 12.272. Western was a pesticide operator because a part of its business earnings, albeit a small part, came from the application of pesticides to the property of others. See Vierra v. Clackamas County, 309 Or. 243, 247, 785 P.2d 757, 759 (1990)[1].
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because this ground fully supports the district court's determination, we need not consider the alternate ground that Western was also a person for whom pesticide was applied and was, on that basis, entitled to the notice. See Or.Rev.Stat. §§ 634.172, 12.272